# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| SAMANTHA GRIMM, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) 2:19-cv-00294 |
| CRANE ROOM GRILLE, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, Chief United States District Judge**

Pending before the Court is a Motion to Dismiss, ECF No. 14, filed by Defendant Crane Room Grille, Inc. Defendant seeks to dismiss the entire Complaint, ECF No. 1, with prejudice due to Plaintiff's untimely filing of her charge with the EEOC, Plaintiff's untimely filing of her Complaint, and Plaintiff's failure to state a claim. For the reasons that follow, the Court concludes that Plaintiff's Complaint survives the dismissal sought under Federal Rule of Civil Procedure 12(b)(6), and the Motion to Dismiss is denied.

### I. Background

Plaintiff brings this action under Title VII of the Civil Rights act of 1964, 42 U.S.C. § 2000e, and Pennsylvania's common law. (Compl. ¶ 1.) Put simply, Plaintiff alleges that, as a woman, she was subjected to a hostile work environment by her supervisor while employed by Defendant. Plaintiff also alleges that she was constructively discharged and that Defendant was negligent in the supervision and retention of her supervisor. (*Id.*)

## II. Legal Standard

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the Court is not opining upon whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Our Court of Appeals has instructed that "a court reviewing the sufficiency of a complaint must take three steps," *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016), explaining:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 786–87. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial

2

experience and common sense." *Iqbal*, 556 U.S. at 679. A plaintiff must set forth "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence" of the elements of the claim for relief. *Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2017); *see Connelly*, 809 F.3d at 789.

### III. Discussion

#### A. Plaintiff's Filing of a Charge with the EEOC

Under the appropriate statute, Plaintiff must have filed her charge of discrimination with the EEOC within 300 days from the date of the alleged harm. 42 U.S.C. § 2000e-5(e)(1) (extending time to file from 180 to 300 days when a plaintiff initially institutes proceedings—or cross claims—with a state agency). The date of the alleged harm is August 16, 2017 (Compl. ¶ 36), rendering a deadline to file with the EEOC of June 12, 2018.

In her Complaint, Plaintiff alleges that she filed a charge with the EEOC regarding her allegations under Title VII on June 11, 2018. (*Id.* ¶ 6.) Plaintiff attaches to her Complaint a copy of a fax transmission from Plaintiff's counsel to the EEOC Pittsburgh Office, with a fax cover sheet showing a date of June 11, 2018. (Compl. Ex. 1, ECF No. 1-2, at 1.)[1] Defendant asserts that it has been "unable to obtain any of the official documents from Plaintiff's filing with the EEOC, which should show the date she *filed*." (ECF No. 15, at 4 (emphasis added).) Rather, Defendant alleges that it "verified through the EEOC that the charge was actually filed on June 15, 2018."[2] (*Id.*) The difference between June 11, 2018, and June 15, 2018, is crucial, as the operative date will determine whether Plaintiff's charge of discrimination was timely filed with the EEOC.

---

[1] Of course, all of these problems would have been avoided if Plaintiff's counsel walked three (3) blocks to the EEOC Pittsburgh office and personally filed the charge.

[2] Defendant attaches no evidence to support this factual claim.

3

Plaintiff argues that the EEOC's regulations allow a postmark to serve as an acceptable indication of the date of filing, citing 29 C.F.R. § 1626.7. Plaintiff urges this Court to apply that "post mark rule" to the date indicated on her own fax cover letter. Although our Court of Appeals has not ruled on this issue, Plaintiff relies on the Seventh Circuit's holding that "confirmation of a fax sent to the EEOC is 'strong evidence of receipt' on the part of the agency." (ECF No. 16, at 2 (quoting *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 478 (7th Cir. 2009).) However, Plaintiff's own cover letter is hardly "confirmation of a fax sent." *Id.*

Regardless, the Court finds *Laouini* instructive for its procedural posture and discussion of the record. The *Laouini* defendant initially filed a motion to dismiss against the plaintiff for failure to file a timely charge with the EEOC, but the district court elected to convert the motion to dismiss into a Rule 56 motion for summary judgment "to permit a full examination and consideration of the documents submitted by both sides in order to fairly resolve this procedural dispute." *Laouini v. CLM Freight Lines, Inc.*, No. 1:07-cv-1051, 2008 U.S. Dist. LEXIS 74551, at *8 (S.D. Ind. Sep. 25, 2008). The district court then had the benefit of, at least, (1) the plaintiff's attorney's affidavit averring that he instructed the preparation of the fax and indeed transmitted the fax on the date in question; (2) a cover sheet with a request that the charge be "file-stamped" as of the date in question; (3) a fax machine confirmation showing a three-page document was "successfully transmitted" to the appropriate fax number on the date in question; (4) an affidavit from the relevant office of the EEOC about that office's practices with respect to faxed charges; and (5) EEOC's internal memo discussing the charge along with the EEOC's file on the charge which did not contain a copy of the fax. 586 F.3d at 474–75. The Seventh Circuit vacated the lower court's decision granting summary judgment for the defendant, concluding that there was a dispute of fact from which a "reasonable factfinder could weigh the evidence in this case and conclude that the

EEOC received [the plaintiff's] charge but simply lost, misplace, or otherwise failed to timely process it." *Id.* at 478–79.

Here, neither party submitted any evidence in support of their respective positions, so this Court need not convert the Motion to Dismiss to a Rule 56 motion for summary judgment. All the Court has at this point in time is the fax cover letter generated by Plaintiff and attached to the Complaint. Because the Court accepts all well-pled factual allegations as true, the Court must (at this juncture) accept that Plaintiff faxed her charge to the EEOC on June 11, 2018. Defendant has simply offered no evidence to support its claim that "the charge was actually filed on June 15, 2018." (ECF No. 15, at 4.) This is not the procedural stage in which the Court can resolve competing facts.[3] Defendant is free to revisit this issue in discovery, but its argument is insufficient to defeat Plaintiff's Complaint at this early stage.

### B. Plaintiff's Allegations Sufficiently Relate to Her Protected Status

Defendant next seeks dismissal of the Complaint on the basis that Plaintiff has failed to allege that she was discriminated against on the basis of her gender. Defendant relies on Plaintiff's factual allegation that the supervisor's August 16, 2017, comment, "why the fuck do you always look so miserable, Sam?" demonstrates that any alleged harassment was not tied to Plaintiff's gender. But Defendant errs in its attempts to silo this factual allegation from the others in the Complaint, in which Plaintiff alleges that this same employee—Plaintiff's supervisor—touched *female*

---

[3] Even if June 15, 2018, is the date the EEOC "marked" it as received, that can be overcome by showing that the EEOC actually was in receipt earlier. *See Laouini*, 586 F.3d at 476 (plaintiff can demonstrate timely filing by demonstrating that EEOC office actually received the charge by fax on the date it avers and not the date the EEOC processed it); *Butry v. Warp Processing, Inc.*, No. 3:10-cv-1176, 2011 U.S. Dist. LEXIS 31926, at *6 (M.D. Pa. Mar. 28, 2011) (denying motion to dismiss because plaintiff "submitted evidence to demonstrate that his counsel faxed the charge document to the EEOC within" the relevant time frame). This is because the "[a]dministrative regulations provide that a charge is 'deemed to be filed with the Commission upon receipt.'" *Butry*, 2011 U.S. Dist. LEXIS 31926, at *6 (quoting 29 C.F.R. § 1601.13(a)(4)(ii)(A)).

5

employees without their consent and asked Plaintiff to perform oral sex on him.[4] (Compl. ¶¶ 15, 17.) If proven, those are all allegations from which a fact-finder could find that Plaintiff was subjected to unlawfully discriminatory working conditions based on her sex. The Complaint sufficiently pleads that Plaintiff was subjected to a hostile work environment on the basis of her gender.

### C. Plaintiff's Claims Are Timely Filed

Defendant next asserts that Plaintiff failed to file her claim within 90 days of notification from the EEOC of her right to sue. Plaintiff's Complaint pleads that she "was mailed" her Notice of Right to Sue on December 13, 2018. (Compl. ¶ 6.) Plaintiff filed her Complaint on March 16, 2019. Although the Complaint was filed 93 days after her Notice of Right to Sue was mailed to her, "absent evidence of the exact date of the receipt of the notice, it is presumed that the date of receipt of an EEOC right-to-sue letter is three days after its mailing." *Allen v. AMTRAK*, No. 03-CV-3497, 2004 U.S. Dist. LEXIS 24846, at *8-9 (E.D. Pa. Dec. 7, 2004) (citing Fed. R. Civ. P. 6(e) and *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 (1984). Defendant has presented no evidence that Plaintiff actually received the Notice of Right to Sue prior to December 16, 2018, three days after it was mailed; therefore, Defendant's dismissal argument fails at this stage.

### D. Plaintiff's Negligence Claim

Finally, Defendant argues that Plaintiff untimely filed her negligence claim because the allegations fall outside Pennsylvania's two-year statute of limitations. *See* 42 Pa. C.S. § 5524(7). Plaintiff's negligence claim is based on the Defendant's awareness that its employee (Plaintiff's

---

[4] This is not to say that allegations solely limited to comments about a female plaintiff's "miserable" expressions or appearance would not survive a challenge on the basis that it shares no relation to gender or sex, but it is not the point of this case to dissect the sexualization of women's facial expressions and their appearance. Unfortunately, the factual allegations here are so much worse than a man criticizing a woman for her appearance. Discovery will tell whether Plaintiff can back them up.

6

supervisor) "regularly targeted women for unwanted, at times rough, physical contact in the work place" yet Defendant continued to employee him and "failed to provide supervisory safeguards to prevent him from continuing his conduct towards female employees." (Compl. ¶¶ 57, 59.) Because the Complaint was filed on March 16, 2019, Defendant essentially seeks to strike any allegations of events prior to March 16, 2017.

Plaintiff counters that she has sufficiently pled a "continuing violation theory."

> Under the continuing violation doctrine, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred."

*Snyder v. Baxter Healthcare, Inc.*, 393 F. App'x 905, 909 (3d Cir. 2010) (quoting *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 1991)). Plaintiff alleges that she was subjected to unwanted physical contact by her supervisor, she reported it to Defendant, and Defendant failed to take any action. Specifically, her supervisor grabbed her by the throat in May 2016 and continued thereafter to touch her, placing her in headlocks or tightly grabbing her arm. (Compl. ¶ 10–12.) Plaintiff reported the incidences, but "[a] few months later," her supervisor again grabbed her by the neck and, at some point, asked her to perform oral sex on him. (*Id.* ¶14–17.) On August 16, 2017, her supervisor again grabbed her by the throat, resulting in Plaintiff kicking him to get away. (*Id.* ¶¶18–19.) After she finished her shift, Plaintiff reached out to Defendant again to inform it of the latest incident and she reported it via text message two days later. (*Id.* ¶¶20–21.) Plaintiff sufficiently pleads a continuing violation theory and the pled incidents prior to March 16, 2017, will not be dismissed at this time.[5]

---

[5] Nor will the Court dismiss the negligence claim on the basis that it is "generalized and fact-less." (ECF No. 15, at 6.) The allegations in Plaintiff's Complaint more than satisfy Federal Rule of Civil Procedure Rule 8(a)'s requirement for a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff pleads the who, what, when, and how of her alleged attacks and her various follow-ups with the higher-ups. She

## IV. **Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 14, is denied. Defendant shall answer the Complaint on or before July 26, 2019.

*[signature]*

Mark R. Hornak
Chief United States District Judge

Dated: July 9, 2019.

cc: All counsel of record

---

alleges that other supervisors informed her that this particular supervisor has touched other women without their consent and had committed acts similar to soliciting oral sex and placing employees in head locks in the past. The Court disagrees that such allegations "lack[] sufficient details" or fails to meet the applicable pleading requirements. (ECF No. 15, at 6.)